1

2

3

4                   UNITED STATES DISTRICT COURT

5                   EASTERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,          No.  16-CR-00067 JAM

8                    Plaintiff,         **ORDER DENYING UNITED STATES'**
                                        **MOTION TO RECONSIDER ORDER**
9         v.                            **GRANTING DEFENDANT'S EMERGENCY**
                                        **MOTION**
10   VIDAL GONZALEZ,

11                   Defendant.

12

13        On September 11, 2020 this Court granted Defendant Vidal

14   Gonzalez's request for an order requiring FDC SeaTac to

15   facilitate a call with his attorney.  In a show of good faith and

16   in compliance with the order, FDC SeaTac facilitated a Zoom

17   conference between Defendant and his attorney on Saturday,

18   September 12, 2020 from the intensive care unit of the hospital

19   where Defendant was being treated after he presented with

20   symptoms consistent with COVID-19.  On September 3, 2020, while

21   confined at FDC SeaTac, Defendant's COVID-19 test was reported as

22   positive and on September 4, 2020, he was transported to a

23   community hospital due to high fever, low oxygen level,

24   respiratory difficulties and low blood pressure.  Declaration of

25   Dr. James Pelton, ¶5, ECF No. 245-1.

26        Despite the fact that on September 12, 2020, Defendant spoke

27   to his attorney from the hospital, on September 14, 2020, the

28   United States filed the instant motion for reconsideration, ECF

                                  1

No. 239.  Defendant responded to this motion, ECF No. 243, and the United States filed a reply, ECF No. 245.  The United States' primary argument is that this Court lacked jurisdiction to grant Defendant's request for a call with his attorney.  The Government's motion ignores the fact that this issue is now moot and this Court has no need to render an advisory opinion in this matter.  Church of Scientology of California v. U.S., 506 U.S. 9, 12 (1992) ("[A] Federal Court has no authority to give opinions upon moot questions[.]").

Although the government is apparently concerned that this Court's order "could inspire further extra-jurisdictional prisoner litigation," ECF No. 239 at p. 2, the Court does not share this concern.  The request at issue in this motion involved a unique set of facts and circumstances that are unlikely to be repeated in the future.  This was a rare instance where a confluence of factors operated to convince this Court that it needed to intervene to get Defendant's custodians to act.  To its credit, FDC SeaTac responded appropriately and this matter was resolved.  The Court's order is strictly limited to the unique facts of this matter and should not be interpreted as binding precedent.  An order setting aside the Court's previous order allowing Defendant to communicate with his attorney is neither practical or necessary at this time.  Accordingly, the United States' motion for reconsideration is denied.

IT IS SO ORDERED.

Dated:  September 21, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28