UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>  v.<br><br>VIDAL GONZALEZ,<br><br>    Defendant. | No. 2:16-cr-00067-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER JUDGMENT ON COMPASSIONATE RELEASE** |

On November 24, 2020 this Court denied Vidal Gonzalez's ("Defendant") motion for compassionate release. See Order, ECF No. 273. Defendant now seeks reconsideration of this Order and asks this Court to reduce his sentence. See Mot. for Reconsideration ("Mot."), ECF No. 274. The Government opposes the motion. See Opp'n, ECF No. 279. Defendant replied. See Reply, ECF No. 283.

For the reasons set forth below, the Court DENIES Defendant's motion.

                        I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure (FRCP) 59(e) a party seeking reconsideration must establish (1) new or different

1

material facts and circumstances that did not exist or were not shown upon prior motion; (2) an intervening change in controlling law; or (3) the need to correct clear error or prevent manifest injustice. Anderson v. California Dep't of Corr. & Rehab, No. 2-16-CV-1644-JAM-CMKP, 2018 WL 3869431, at *1 (E.D. Cal. Aug. 15, 2018).

Under FRCP 60(b) a court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgement; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgement; (5) a satisfied, released, or discharged judgement; or (6) any other reason that justifies relief.

## II. OPINION

Defendant argues that he is entitled to reconsideration of his motion for compassionate release because of new material facts, namely that (1) his health has further deteriorated and (2) he will be subject to removal proceedings and deportation to Mexico upon the conclusion of his sentence. Mot. at 3-12. The Court disagrees. Defendant's claims of deteriorating health do not rise to the level of materiality absent a showing that the Bureau of Prisons is incapable of providing him adequate medical care. United States v. Ayon-Nunez, No. 16-CR-130-DAD, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020) (finding that chronic conditions that can be managed in prison are not a sufficient basis for compassionate release). Defendant has made no such allegation in this motion, so this argument fails. Defendant

further fails to provide any legal authority to support his claims that either (1) his eventual deportation following the conclusion of his imprisonment or (2) the prospect of Defendant receiving substandard medical care in Mexico constitute material facts that warrant compassionate release.  In the absence of the material factual allegations necessary to sustain this motion, the Court finds that Defendant is not entitled to relief under FRCP 59(e) and 60(b).

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendant's motion for reconsideration.

IT IS SO ORDERED.

Dated: March 8, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE